IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAUL SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-431-GMS |
| | ) | |
| REGIONAL MEDICAL FIRST | ) | |
| CORRECTIONAL, MANAGER | ) | |
| ANGELA WILSON, UNKNOWN | ) | |
| NURSES, and UNKNOWN | ) | |
| DOCTORS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Plaintiff Paul Smith ("Smith"), a former inmate within the Delaware Department of

Correction, filed this lawsuit pursuant to 42 U.S.C. § 1983.  He appears *pro se* and was granted

permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (D.I. 8.)  The court now

proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## I.    THE COMPLAINT

Smith alleges that while he incarcerated at the Sussex Correctional Institute ("SCI"), on

June 25, 2006,  he slipped and fell on a wet cell floor.  He alleges that he received improper

medical treatment when, "medical came to lift [him] up from the floor they didn't do it right."

(D.I. 2, at ¶ 1.)  Smith alleges that "medical" caused him more pain and injuries when medical

refused to use a board to pick him up, but instead lifted him by his arms and feet.  *Id.* at ¶ 2.

Smith alleges he was "treated unfairly" (i.e., no neck support, brace, x-rays or MRI).  He alleges

he was administered Motrin and released with a follow-up visit scheduled with the physician.

II.    **STANDARD OF REVIEW**

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal

under certain circumstances.  When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A

provides for screening of the complaint by the court.  Both 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is

frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary

relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable

basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable

inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing

*Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)).  Additionally, *pro se* complaints

are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be

dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404

U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

III.    **ANALYSIS**

Smith alleges that he was treated "unfairly" by medical when he did not receive certain

medical care and treatment.  The Eighth Amendment proscription against cruel and unusual

punishment requires that prison officials provide inmates with adequate medical care. *Estelle v.*

*Gamble*, 429 U.S. 97, 103-105 (1976).  However, in order to set forth a cognizable claim, an

inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that

indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v.*

2

*Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Additionally, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). Finally, an inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976).

Smith's complaint fails to state a claim upon which relief may be granted. The complaint alleges that Smith received medical treatment following a slip and fall, albeit not the type of treatment he desired. The complaint further alleges that in addition to receiving medical treatment on the day he was injured, he was scheduled for follow-up medical treatment. Rather than alleging deliberate indifference to a serious medical need, Smith was treated by medical personnel, with follow-up care indicated. Based upon the foregoing, the court will dismiss the the claim as it fails to state a claim upon which relief may be granted.

## IV.    CONCLUSION

For the above stated reasons the court finds that the complaint is legally frivolous and that dismissal is appropriate pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d. Cir. 1976). An

appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

December 5, 2006
Wilmington, Delaware

FILED

DEC - 7 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PAUL SMITH,                          )
                                     )
            Plaintiff,               )
                                     )    431
      v.                             )  Civ. No. 06-432-GMS
                                     )
REGIONAL MEDICAL FIRST               )
CORRECTIONAL, MANAGER                )
ANGELA WILSON, UNKNOWN               )
NURSES, and UNKNOWN                  )
DOCTORS,                             )
                                     )
            Defendants.              )

## ORDER

At Wilmington this ___5th___ day of December, 2006, for the reasons set forth in the

Memorandum issued this date, the complaint is DISMISSED without prejudice pursuant to 28

U.S.C. § 1915(e)(2)(B)  and § 1915A(b)(1) as it fails to state a claim upon which relief may br

granted.   Amendment of the complaint would be futile.



_____
UNITED STATES DISTRICT JUDGE

FILED

DEC - 7 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE